# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| TRUMAN JOHNSON, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| v. | ) | Case No. CIV-05-469-SPS |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying him benefits under the Social Security Act. In Johnson's Application for Award of Attorney's Fees Under the Equal Access to Justice Act [Docket No. 18], the Plaintiff sought an award of attorneys' fees in the amount of $4,861.50 under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412, and requested an order directing that the Plaintiff's EAJA award be sent to his attorneys. The Commissioner indicated he has no objection. *See* Docket No. 19.

The Court concludes that attorneys' fees should be awarded to the Plaintiff but declines to order that the award be sent to the Plaintiff's attorneys. The parties are free, of course, to utilize whatever arrangement they choose to effectuate the actual payment of the fees awarded to the Plaintiff under the EAJA. But this is a matter of private contract or practice; it is not addressed by the EAJA itself and therefore does not concern the Court. *See Oguachuba v. Immigration & Naturalization Service*, 706 F.2d 93, 97-98 (2d Cir. 1983)

("Whether an award of attorneys' fees under the [EAJA] ultimately redounds to the benefit of counsel depends upon the private contractual arrangements between the attorney and the client."). *Cf. United States ex rel. John Doe I v. Pennsylvania Blue Shield,* 54 F. Supp. 2d 410, 421 (M.D. Pa. 1999) ("The plain language of § 3730(d)(1) requires that the court order defendant to pay reasonable attorney's fees to relators, and that is what will occur. That the court should concern itself with the final recipient of the funds is not a matter addressed by the statute."). *See generally* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall *award* to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action[.]") [emphasis added].

Accordingly, Johnson's Application for Award of Attorney's Fees Under the Equal Access to Justice Act [Docket No. 18] is hereby GRANTED insofar as it seeks an award of attorneys' fees to the Plaintiff as the prevailing party under the EAJA, and the Plaintiff is hereby awarded attorneys' fees in the amount of $4,861.50. Johnson's Application for Award of Attorney's Fees Under the Equal Access to Justice Act [Docket No. 18] is hereby DENIED insofar as it seeks an order of the Court directing that the award be sent to the Plaintiff's attorneys.

**IT IS SO ORDERED** this 3rd day of January, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**